23CA0711 Peo v Cousett 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0711 El Paso County District Court No. 21CR5216 Honorable Laura N. Findorff, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Preston Michael Cousett, Defendant-Appellant. JUDGMENT AFFIRMED Division A Opinion by CHIEF JUDGE ROMÁN Hawthorne* and Berger*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Preston Michael Cousett, appeals the judgment of conviction entered upon jury verdicts finding him guilty of four counts of aggravated robbery, four counts of menacing, and two counts of theft. He contends that the trial court reversibly erred by failing to sua sponte assess whether a victim’s first time in-court identification of him as the perpetrator was constitutionally reliable and whether the identification was admissible under the rules of evidence. Cousett argues that, had the court conducted either analysis, the identification testimony would have been excluded. We affirm. ¶ 2 In Neil v. Biggers, 409 U.S. 188, 199-200 (1972), the United States Supreme Court held that the constitutional right to due process requires a trial court to assess whether, under the totality of the circumstances, an out-of-court identification or an in-court identification from a witness at trial is reliable. See also Garner v. People, 2019 CO 19, ¶¶ 2, 36-37. In Garner, the Colorado Supreme Court concluded that Biggers’ reliability assessment requirement did not apply to a first time in-court identification that is not preceded by an impermissibly suggestive pretrial identification procedure arranged by law enforcement and where nothing beyond 
2 the inherent suggestiveness of the ordinary courtroom setting made the in-court identification constitutionally suspect. Id. at ¶¶ 39, 62, 69. ¶ 3 Cousett argues that Garner was wrongly decided. But he correctly acknowledges that we are bound by this opinion and unable to depart from its holding. See People v. Eason, 2022 COA 54, ¶ 68 (appellate courts are bound by our supreme court’s decisions). Because Cousett does not assert that the victim’s first time in-court identification was preceded by an impermissibly suggestive pretrial identification procedure or was impermissibly suggestive beyond that of the ordinary courtroom setting, we reject his constitutional challenge to the identification testimony. ¶ 4 Cousett alternatively argues that the trial court should have excluded the victim’s in-court identification under the rules of evidence. See Garner, ¶ 68 (“That due process does not require a reliability hearing under Biggers does not strip judges of their role as gatekeepers under the rules of evidence.”). He asserts that the court should have sua sponte excluded the unobjected to identification because (1) the victim did not sufficiently observe the perpetrator to make an admissible identification pursuant to CRE 
3 602 and 701 and (2) the probative value of the victim’s identification was substantially outweighed by the danger of unfair prejudice, as prohibited by CRE 403. ¶ 5 We conclude that Cousett did not establish that the trial court plainly erred by failing to sua sponte apply the rules of evidence to exclude the in-court identification. See id. (“We cannot hold that it was plain error for the trial court not to exclude the identifications under CRE 403, 602, or 701 sua sponte.”). Importantly, we note that Cousett did not explain why the admission of the identification testimony, if error, would have warranted reversal under a plain error review. See People v. Snelling, 2022 COA 116M, ¶ 33 (under the plain error standard, we will reverse an unpreserved evidentiary error only if the error was obvious, substantial, and so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction). ¶ 6 The judgment is affirmed. JUDGE HAWTHORNE and JUDGE BERGER concur.